IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

QUAUNTEL SAUNDERS,

    Plaintiff,

v.                                                Case No. 2:21-cv-00250

BETSY JIVIDEN, Commissioner, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter, which is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), is before the court for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Pending before the Court are Plaintiff's Complaint (ECF No. 2), his Supplemental Complaint (ECF No. 5), and two Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1 and 11).

    I.    FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

    A.    *Plaintiff's litigation history.*

    Plaintiff is a frequent litigator and prolific grievance filer. Since 2018, he has filed 12 civil actions in this federal court – 10 civil lawsuits under 42 U.S.C. § 1983 concerning various conditions of his confinement at the Mount Olive Correctional Complex ("MOCC") and the Southern Regional Jail ("SRJ"), and two habeas corpus petitions. There is significant overlap of claims in his numerous civil actions, which are summarized in chronological order by filing date, as follows:

1) *Saunders v. Kummer*, Case No. 2:18-cv-01514, a § 1983 action filed on December 13, 2018, concerning an alleged use of force (pepper spray) by correctional officers at MOCC on February 27, 2017. That matter was ultimately dismissed without prejudice for failure to exhaust administrative remedies by Memorandum Opinion and Order entered on April 26, 2021. However, Plaintiff, by counsel, re-filed suit against two of the defendants in that matter, Kummer and Baisden, in Case No. 2:22-cv-00173, and ultimately obtained a settlement of that action, which was dismissed on May 18, 2023.

2) *Saunders v. Frame*, Case No. 2:20-cv-00220, a § 1983 action filed by counsel on March 26, 2020, alleging that Plaintiff and other inmates at MOCC were confined for several hours in recreation yard cages and exposed to cold weather. That matter was dismissed on September 17, 2020, after the parties reached a settlement.

3) *Saunders v. Moore*, Case No. 5:21-cv-00080, a § 1983 action filed on February 1, 2021, attacking the availability of the administrative remedy process, and challenging his placement in administrative segregation at the SRJ on due process grounds. By Order entered on September 28, 2021, that matter was dismissed on initial screening of an amended complaint finding that it failed to state a claim upon which relief can be granted.

4) *Saunders v. Ames*, Case No. 2:21-cv-00102, a habeas corpus petition filed on February 10, 2021, contending that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated by his continued prosecution on murder and robbery charges in Fayette County, West Virginia, following a mistrial. By Memorandum Opinion and Order entered on November 9, 2021, the Court granted Petitioner a writ of habeas corpus and ordered that the prosecution of the underlying criminal charges against Plaintiff cease, as further prosecution thereof would violate the Double Jeopardy Clause.

5) *Saunders v. Frame*, Case No. 2:21-cv-00157, a § 1983 action filed on March 8, 2021, alleging due process violations in prison disciplinary hearings at MOCC. That matter was dismissed on initial screening by Memorandum Opinion and Order entered on September 13, 2023.

6) *Saunders v. Jividen*, Case No. 2:21-cv-00250 (the instant civil action), a § 1983 action filed on April 19, 2021, alleging claims of retaliation and denial of access to the courts arising out of alleged tampering with Plaintiff's legal mail and grievances, and denying him access to telephones at times when he could reasonably communicate with his attorney and family members.

7) *Saunders v. Wilson*, Case No. 2:21-cv-00261, a § 1983 action filed on April 22, 2021, alleging numerous claims of retaliation and denial of access to courts (including similar or identical claims to those raised in No. 2:21-cv-00250), as well as claims concerning loss of personal property, due process violations in disciplinary and administrative segregation proceedings, and challenging unsanitary conditions at MOCC. That matter is still pending before the undersigned and the presiding District Judge herein.

8) *Saunders v. Ames*, Case No. 2:21-cv-00286, a habeas corpus petition filed on May 10, 2021, alleging due process violations stemming from Plaintiff's placement in administrative segregation and on the "Quality of Life Program" at MOCC. That matter was dismissed on November 19, 2021 by Memorandum Opinion and Order finding that Plaintiff failed to exhaust available state court remedies before filing his federal habeas corpus petition and otherwise failed to state a plausible due process claim upon which relief could be granted.

9) *Saunders v. Clifford*, Case No. 2:21-cv-00299, a § 1983 civil action filed on May 14, 2021, alleging that Plaintiff was denied access to a watch or clock while in solitary confinement, which allegedly prevented him from engaging in timely daily Muslim prayer. That matter was dismissed with prejudice on August 30, 2022 for failure to prosecute. The same claim was again raised against the same defendants in Case No. 2:23-cv-00226 discussed below.

10) *Saunders v. Burton*, Case No. 5:21-cv-00322, a § 1983 civil action filed on June 1, 2021, alleging claims arising out of an alleged use of excessive force (pepper spray) against Plaintiff on January 27, 2020 at the SRJ, following an altercation with a correctional officer. That matter was partially dismissed on summary judgment by Memorandum Opinion and Order entered on September 27, 2022, and was subsequently settled and dismissed on March 15, 2023.

11) *Saunders v. Kummer*, Case No. 2:22-cv-00173, a § 1983 civil action filed by counsel on April 9, 2022, alleging claims arising out of an alleged use of excessive force (pepper spray) by defendants Kummer and Baisden on February 28, 2017. That case raised similar claims to those raised in No. 2:18-cv-01514, which was previously dismissed without prejudice. That matter was dismissed on May 18, 2023, following a settlement reached by the parties.

12) *Saunders v. Clifford*, Case No. 2:23-cv-00226, a § 1983 civil action filed on March 23, 2023, alleging First Amendment religious discrimination and retaliation claims and Fourteenth Amendment Equal Protection claims arising out of the alleged denial of a watch or clock to allow Plaintiff to engage in timely daily Muslim prayer. That matter is still pending before the undersigned and the presiding District Judge herein.

### B. Allegations in instant civil action.

In the style of the complaint in Case No. 2:21-cv-00250, Plaintiff names the following defendants: Betsy Jividen, Commissioner; Warden Ames; ASS Frame; CAPT Clifford; Derrick McKinney; CAP Toney; Post Office Worker Lisa Boggs; Vicki Dempsey; Tom Chandler; Kim Thacker; and Michelle Hudson. However, the body of the complaint contains no specific factual allegations against particular defendants. The initial complaint generally asserts that Plaintiff's legal mail and grievances had been tampered with to deny him access to the courts and that he was also being denied access to telephones at reasonable times to call his attorney and family members because he was being placed on a late-night recreation schedule. His supplemental complaint largely repeats the facts alleged in the initial complaint.

In summary, Plaintiff's complaint alleges that:

> The holding, opening, not sending, tampering with legal [mail], not allowing Plaintiff to complete grievance process, and not allowing Plaintiff to contact daughter and attorneys violated Plaintiff's constitutional rights at issue right to use courts, petition the government for redress of grievances, and due process of law under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

(ECF No. 2 at 8). Plaintiff's complaint seeks declaratory and injunctive relief, as well as monetary damages against the defendants. (ECF No. 2 at 11-12). Attached to both the initial and supplemental complaints are a litany of exhibits largely consisting of grievances and unit team requests.

### II. STANDARDS OF REVIEW

Where a prisoner seeks to proceed *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A.*

5

*v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. §§ 1915(e) and 1915A. The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). A similar screening provision governs all prisoner complaints filed against government entities. 28 U.S.C. § 1915A.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, this liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the

6

assumption of truth." *Iqbal, supra*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant law]" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). Moreover, a complaint must state more than "labels and conclusions" and a claim should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The undersigned has applied these standards in the Court's initial review of

Plaintiff's complaint and supplement thereto to determine if any claims should be permitted to proceed.

### III. DISCUSSION

#### A. Claims that fail to state a claim upon which relief can be granted

Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the pleading must "give[] fair notice and state[] the elements of the claim plainly and succinctly." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 at 8-111 (2d Ed. 1983). Thus, "[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim . . . ." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support each of his claims. *Id., quoting Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964).

As noted above, "[t]he liberal construction requirement [afforded to *pro se* litigants] will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law." *Adams-Bey v. Rogers*, No. 3:17-cv-210-FDW, 2018 WL 1413196, *3 (W.D.N.C. Mar. 21, 2018) (*citing Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). Thus, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Quite simply, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225 (2004).

Plaintiff's complaint and the supplement thereto contain conclusory allegations with little to no specific facts concerning the conduct of the named defendants; thus, the complaint fails to provide fair notice of his claims against them. Borrowing from Judge Wilkinson's concurrence in *Evans v. Chalmers*, Plaintiff's allegations "seek to sweep in everyone and everything, heedless of any actual indications of individual malfeasance that would justify the personal burdens that litigation can impose." *Evans v. Chalmers*, 703 F.3d 636, 662 (4th Cir. 2012) (Wilkinson, J, concurring).

Therefore, even under a liberal construction, the dearth of specific factual allegations against the proposed defendants in the complaint and supplement thereto warrants dismissal of this civil action under the dictates of *Twombly* and *Iqbal*. The complaint, even as supplemented, simply fails to state any plausible claims for relief against these individuals. At best, Plaintiff summarily alleges that unidentified "Post Office," "Administration," or "MOCC staff" are reading and delaying or tampering with delivery of his grievances and legal mail. However, he fails to attribute any specific conduct to particular staff members in order to move his claims from speculative to probable and to properly put the alleged defendants on notice of the claims against them. Thus, dismissal of these allegations is warranted under the dictates of *Twombly* and *Iqbal*.

Plaintiff has attached numerous exhibits to his complaint documents. Thus, it appears that he may be attempting to rely on the many grievances and other exhibits he has provided to offer factual support for the broad and vague allegations in his complaint. However, he may not rely on such documentation to substitute for or supplement his conclusory allegations. Nor is it this Court's duty to comb through the attached documents to try to ascertain facts to support a plausible claim for relief. *See Heather M.*

9

*v. Berryhill*, 384 F. Supp.3d 928, 934 (N.D. Ill. Jun. 5, 2019) ("[j]udges are not required to sift through the record . . . [to] find evidentiary support for contentions tossed out like salt strewn on an icy sidewalk[.]"); *see also Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 429 n.* (4th Cir. 2009), *quoting with approval United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")

In reviewing the sufficiency of a complaint, a court may consider a document attached to or referred to in the complaint so long as the document is integral to the complaint and there is no dispute about its authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Anderson v. Henderson*, No. CV ELH-20-480, 2021 WL 2155002, at *4 (D. Md. May 27, 2021). However, to be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original); s*ee also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The various grievances and other documents that Plaintiff has attached to his complaint and other filings in this civil action are not "written instruments" as contemplated by Rule 10(c), and the court and the defendants need not comb through them searching for facts to support Plaintiff's threadbare allegations in his Second Amended Complaint. *See Walker, supra,* 575 F.3d at 429; *see also Robinson v. Unknown,* No. 7:13-cv-00414, 2013 WL 5591936, at *1 (W.D. Va. Oct. 10, 2013) (Disregarding 400 pages of exhibits, including prison grievances and administrative records, in considering the sufficiency of a complaint and finding that "[i]t

is Plaintiff's obligation, not the court's, to construct a legally viable claim in accordance with Rules 8 and 10" of the Federal Rules of Civil Procedure). Nevertheless, the undersigned will briefly address the various claims asserted in Plaintiff's complaint documents.

      1.      First Amendment claims grounded in denial of access to courts

Liberally construed, the bulk of the allegations in Plaintiff's complaint (ECF No. 2) and the supplement thereto (ECF No. 7), appear to allege claims that would arise, if at all, under the First Amendment to the United States Constitution. Plaintiff's initial complaint makes specific references to a handful of occasions when his incoming legal mail was allegedly being "held, opened, read, copied" and not delivered for a week or more after its arrival at MOCC. (ECF No. 2 at 6-8). However, Plaintiff does not specifically attribute this conduct to any of the named defendants, yet he speculatively contends, "I believe they was copying my mail to gain advantages on my civil suits against them." (*Id.* at 7).

Moreover, although Plaintiff alleges that he "was in the [middle] of a murder trial" and had several civil cases pending at that time, he fails to allege any actual injury to any of his court cases that he suffered from these alleged delays. He further speculates that certain legal mail that was delivered to him when his name was not on a mail distribution sheet demonstrates that the "Post Office" and "Administration" "did not plan/mean to send that mail yet" and "wanted to open & copy/read it before they sent it to [him]." (ECF No. 2 at 10).

The complaint further alleges that "his legal mail and facility checks" were not being timely mailed to this federal court. (ECF No. 1 at 5, 7). Specifically, Plaintiff alleges that, on February 11, 2021, he received a notice from this court indicating that he had 10 days to pay a $5.00 filing fee or to file an Application to Proceed Without Prepayment of

11

Fees and Costs. (ECF No. 2 at 8). He speculates that the mail was delivered "five days after it was already at MOCC." (*Id.*) He then alleges that "MOCC failed to provide me a proceed without pay and/or my $5 cute for the filing fee" and he claims that he "had to refile [his] habeas corpus." (*Id.*)

As noted above, Plaintiff filed two federal habeas corpus petitions in this Court (Case Nos. 2:21-cv-00102 and 2:21-cv-00286). However, a review of the docket sheets of both of those matters, of which this Court may take judicial notice, clearly demonstrates that the $5.00 filing fees for each of those petitions were received on the same dates that those petitions were filed (the first on February 10, 2021 in Case No. 2:21-v-00102, ECF No. 3, and the second on May 10, 2021 in Case No. 2:21-cv-00286). Although Plaintiff has attached as an exhibit a "Notice of Failure to Remit Filing Fee" that was entered on February 10, 2021 in Case No. 2:21-cv-00102 (ECF No. 2 therein; *see also* ECF No. 2-1 at 20, Ex. R herein), it appears that notice was entered in error by the Clerk, because the filing fee was received and docketed the same day as his petition. Thus, Plaintiff can show no actual injury in relation to those filings and fails to state a plausible First Amendment claim on that basis.

Moreover, to the extent that Plaintiff may be alleging that an unidentified Trustee Clerk delayed mailing both the habeas corpus petition and filing fee to deny his access to the courts, he fails to identify the Trustee Clerk or attribute such conduct to any particular defendant named herein and fails to establish any facts to support that Plaintiff was actually denied access to the courts on that basis. Thus, as pled, such a claim fails to state a claim upon which relief can be granted.

Plaintiff also appears to contend that alleged tampering with his prison grievances denied him access to the courts. He alleges that "in 2017-2018, my grievance[s] [were]

being tampered with because I was filing a civil suit on wrong doing" and that his "grievance[s] weren't being [turned] in, sent to the Warden, & some not sent to Commissioner." (ECF No 2 at 5). He attributes this conduct to unidentified correctional officers. (*Id*. at 6).

Plaintiff specifically alleges that he "lost summary judgment" in Case No. 2:18-cv-01514 because he "was not able to go through the grievance system correctly." (ECF No. 1 at 5). While Case No. 2:18-cv-01514 was dismissed, without prejudice, for failure to exhaust administrative remedies, Judge Copenhaver's Memorandum Opinion and Order, which is attached to Plaintiff's supplemental complaint and of which this Court may take judicial notice, found that Plaintiff failed to properly and fully exhaust his administrative remedies related to the claims in that matter, and that Plaintiff "produced no evidence to suggest that administrative remedies were unavailable." (ECF No. 7 at 30). The Memorandum Opinion and Order further specifically found that Plaintiff "admitted that he has no evidence that prison personnel tampered with his mail." (*Id*.) Moreover, his allegations in the instant complaint documents concerning this alleged interference with the grievance process and his legal mail are not pled against any particular defendants. Thus, the complaint fails to state a plausible claim for denial of access to the courts under the First Amendment against any of the named defendants.

    2.    First Amendment retaliation claims

Plaintiff further appears to allege that that MOCC prison staff engaged in retaliatory conduct due to his filing of prior litigation against officials at MOCC, as well as the filing of grievances. In addition to his claims about tampering with his legal mail and grievances, Plaintiff specifically claims that, despite making "numerous requests to speak with" his child and attorneys and "due to the 1, 2, or 7 a.m. rec schedule," while he was in

13

segregation, he "was denied access to the phone at a reasonable time to speak with my child & attorney." (ECF No. 2 at 6). He also alleges that, on February 24, 2021, money was taken from his inmate account for postage for legal mail for which he did not sign a voucher or send. (*Id.* at 10). He further claims that "this is retaliation & harassment towards me." (*Id.*) Again, however, he fails to attribute these actions to any particular defendant.

It is well-established that prison officials may not retaliate against prisoners for exercising their right to access the courts or for filing prison grievances. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 544-45 (4th Cir. 2017); *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978); *see also Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (recognizing First Amendment right to petition for redress of grievances). To state a plausible claim of retaliation for exercising First Amendment rights, Plaintiff must show that (1) he engaged in protected First Amendment activity; (2) a defendant took some action that adversely affected his First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Where retaliatory conduct would "deter a person of ordinary firmness from the exercise of First Amendment rights," the claim may proceed. *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine*, 411 F.3d at 500).

However, retaliation claims in the prison context "should be treated with skepticism because even legitimate acts of discipline taken by prison officials are in some sense retaliatory." S*ee Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that the district court did not abuse its discretion in dismissing plaintiff's claims of retaliation where they lacked a nexus to the misconduct alleged); *see also Dawes v. Walker*, 239 F.3d

14

489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (To survive summary dismissal, a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing each element of such claim); *accord Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). "[T]he plaintiff must show that the defendant's retaliatory action was substantially motivated by the plaintiff's decision to exercise a constitutionally protected right, and that the action impaired the exercise of that right. *See ACLU v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993).

While Plaintiff's complaint must be read liberally, the court is "not required to piece together causes of action from fragmentary factual recitations." *See Cochran*, 73 F.3d at 1318. As noted previously herein, specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations. *Id.* at 1317. Moreover, "[b]ecause prisoner retaliation claims are 'easily fabricated . . . and . . . pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise." *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011) (*quoting Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted). Plaintiff's general allegations are insufficient to properly assert cognizable and plausible retaliation claims under the First Amendment.

Plaintiff's complaint contains blanket and wholesale assertions that the defendants have engaged in retaliatory conduct against him without any plausible suggestion of a causal connection between the conduct alleged in his complaint and his engagement in specific activity protected by the First Amendment. "Retaliation is not established simply by showing adverse activity by [a] Defendant after protected speech; Plaintiff must show

15

a nexus between the two." *Williams v. Fox*, No. 1:16-cv-00143, 2017 WL 916432, * 7 (D. Idaho Mar. 7, 2017). Thus, Plaintiff must allege more than his own speculative belief that he is the victim of retaliation. For example, a conclusory allegation that a correctional officer "wrote me up for revenge" is insufficient to state a plausible retaliation claim and fails to allege a plausible nexus between specific protected activity and the alleged conduct of the defendant. *See Bouknight v. Shaw,* No. 08 Civ. 5187, 2009 WL 969932, at *6 (S.D.N.Y. Apr. 6, 2009). Therefore, "[c]ourts must be wary of allowing inmates to claim retaliation every time some action is taken against them, particularly in matters involving institutional security." *Crenshaw v. Hartman*, 681 F.Supp.2d 412 (W.D.N.Y. 2010).

Plaintiff asserts a litany of speculative and conclusory allegations concerning alleged retaliatory conduct for which he fails to identify either the specific individual(s) involved and, most significantly, fails to allege facts sufficient to establish a causal connection between the alleged conduct of each of the defendants and his engagement in protected activity. Rather, he presumes, and sweepingly contends, that all the defendants were aware of his prior filing of grievances and lawsuits and speculates that they were somehow substantially motivated by his protected activity to engage in various adverse actions against him. These threadbare allegations are far too conclusory to maintain plausible First Amendment retaliation claims against any of the defendants herein.

       3.     Fifth and Fourteenth Amendment Claims

Plaintiff's complaint also alleges that the defendants' conduct violated his Fifth and Fourteenth Amendment rights. However, the Fifth Amendment Due Process Clause only applies against the federal government and, thus, is not applicable to claims against state officials, such as those named as defendants herein. *See, e.g., Garrett v. Sheeley*, No. 3:19-CV-185, 2023 WL 4844051, at *2 (N.D.W. Va. Feb. 6, 2023) ("A due process cause

16

of action under the Fifth Amendment against state actors is not actionable under section 1983. The Fifth Amendment's Due Process Clause applies to the federal government, while the Fourteenth Amendment's Due Process Clause applies to state and local governments.") Additionally, in this civil action, Plaintiff is not making any challenge under the Fifth Amendment's Double Jeopardy Clause. Thus, Plaintiff's complaint fails to state any plausible claim for relief under the Fifth Amendment.

As for Plaintiff's reference to the Fourteenth Amendment, to the extent that Plaintiff is contending that his due process rights were denied by alleged tampering with his grievances, his complaint fails to state a plausible claim for relief. First, there is no constitutional right to a grievance process and prisons are not constitutionally required to provide a grievance system. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Likewise, inmates have no protected liberty interest in filing grievances. Thus, "insofar as [Plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures," his claim is frivolous and fails to state a claim upon which relief can be granted. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Adams*, 40 F.3d at 75; *Daye v. Rubenstein*, No. 10-6938, 417 F. App'x 317, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, Plaintiff cannot state a plausible violation of his due process rights on this basis. Moreover, to the extent that Plaintiff's Fourteenth Amendment claims otherwise mirror his First Amendment denial of access and retaliation claims, they should also be dismissed for failure to state a plausible claim for relief as insufficiently pled under *Iqbal* and *Twombly*.

B.   *Plaintiff's claims for declaratory and injunctive relief are moot.*

Plaintiff's complaint sought declaratory and injunctive relief from the defendants. Specifically, he sought a preliminary and permanent injunction "ordering all defendants to stop tampering, opening, reading, copying, and not stealing [his] legal mail." (ECF No. 2 at 11). However, Plaintiff was released from custody at MOCC to a term of parole on or about January 25, 2022. Although his parole was later revoked and he has now been convicted of federal charges of being a felon in possession of a firearm, he has never been returned to custody at MOCC.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, No. 3:11-cv-00456, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Without such case or controversy, the court lacks subject matter jurisdiction over the subject claim(s). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When Plaintiff filed his complaint, he alleged violations of his federal constitutional rights which are actionable under 42 U.S.C. § 1983 and, thus, appear to satisfy the court's "federal question" jurisdictional requirements under 28 U.S.C. § 1331. However, as noted in *Taylor*, well-established Fourth Circuit precedent has recognized

18

that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")  As noted above, Plaintiff was released from MOCC and, thus, the court now lacks jurisdiction to grant such relief against the named defendants.  Thus, the undesigned proposes that the presiding District Judge **FIND** that Plaintiff's claims for declaratory and injunctive relief must be dismissed as moot.

## IV. RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action under 28 U.S.C. § 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted and, in part, for lack of jurisdiction under Rule 12(h)(3) and **DENY AS MOOT** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1 and 11).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, Extension of this time period may only be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

May 24, 2024

Dwane L. Tinsley
United States Magistrate Judge