```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

QUAUNTEL SAUNDERS,

      Plaintiff,

v.                                    Civil Action No. 2:21-cv-00250

BETSY JIVIDEN, WARDEN AMES,
AWS FRAME, CAPT. CLIFFORD,
DERRICK McKENNEY, CAPT. TONEY,
LISA BOGGS, VICKI DEMPSEY,
TOM CHANDLER, KIM THACKER,
MICHELLE HUDSON,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff's complaint (ECF No. 2), filed April 19, 2021, a supplemental complaint (ECF No. 5), filed May 14, 2021, and two Applications to Proceed without Prepayment of Fees and Costs (ECF Nos. 1, 11), filed April 19, 2021, and August 4, 2022. As plaintiff is proceeding pro se, this matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition ("PF&R"). Judge Tinsley entered a PF&R (ECF No. 19) on May 24, 2024, to which neither party has filed objections.

The complaint and supplemental complaint allege that plaintiff was denied access to the courts because his legal mail

and grievances had been tampered with, and that he was denied access to telephones at reasonable times to contact his attorney and family members. See PF&R at 5. Plaintiff seeks declaratory and injunctive relief, and monetary damages. Id.

Judge Tinsley proposes that, as to plaintiff's First Amendment claims grounded in denial of access to the courts and retaliation, the court find that the complaint fails to state a plausible claim against any of the named defendants, see id. at 13, 16; and as to plaintiff's claims under the Fifth and Fourteenth Amendments, the court find that the complaint fails to allege any violation of his due process rights, see id. at 17. Additionally, Judge Tinsley proposes that the court find plaintiff's claims for declaratory and injunctive relief are moot, as plaintiff is no longer in custody at Mount Olive Correctional Center, where the alleged violations occurred, and thus the court lacks the jurisdiction to grant the relief sought. See id. at 18–19.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those positions of the findings and recommendations to which no objection has been made. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver of <u>de novo</u> review and the plaintiff's right to appeal the order of the court. <u>See</u> 28 U.S.C. § 636(b)(1); <u>see also</u> <u>United States v. De Leon-Ramirez</u>, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989).

Objections in this case having been due on June 10, 2024, and none having been filed, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. Plaintiff's two Applications to Proceed Without Prepayment of Fees and Costs (ECF Nos. 1, 11) be, and hereby are, DENIED AS MOOT; and

3. This civil action be, and it hereby is, DISMISSED from the docket of this court.

4

      **The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.**

                                **ENTER: June 13, 2024**

                                *[signature]*

                                John T. Copenhaver, Jr.
                                Senior United States District Judge